UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARK S. TRENT,<br>Plaintiff<br><br>v.<br><br>ADT SECURITY SERVICES, INC.,<br>Defendant | )<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>) |

## *COMPLAINT AND REQUEST FOR JURY TRIAL*

### *INTRODUCTION*

Mark S. Trent (hereinafter "Plaintiff"), alleges that as an employee of ADT Security Services, Inc. (hereinafter "Defendant"), he was wrongfully terminated and was subjected to a hostile work environment. Plaintiff alleges that his discharge was illegal, in that the Defendant, through its agents and/or employees, violated provisions of state and federal law preventing discrimination in employment based on gender (male), age (over 40), sexual harassment (hostile work environment) and retaliation. Also, Plaintiff alleges he is owed unpaid wages and/or commissions. Specifically and respectively, Plaintiff alleges violations of Title VII of the Civil Rights Act (CRA) of 1964 (42 U.S.C. 2000e, §1, et seq.), the Age Discrimination in Employment Act (ADEA) 29 U.S.C. 621) (federal claims) and Massachusetts General Laws c.151B, §1, et seq, and c. 149, s. 148 (state claims).

### *JURISDICTION*

Jurisdiction exists pursuant to Title VII of the CRA of 1964 and the ADEA.

## PARTIES

1. The Plaintiff, Mark S. Trent, is a natural person who resides at 67 Reflection Drive, Sandwich, Barnstable County, Massachusetts 02563.

2. The Defendant, ADT Security Services, Inc., is a Massachusetts corporation with a principal place of business at 410 University Avenue, Westwood, Norfolk County, Massachusetts 02090.

## FACTS

3. The Plaintiff became employed by Defendant on or about December, 2000 as a Residential Sales Representative.

4. Plaintiff believes he was discriminated against because of his age (date of birth: 1952) and/or gender (Male), and/or sexual harassment (hostile work environment) and/or retaliation.

5. Plaintiff was summarily terminated on or about May 26, 2009 for three alleged violations of ethical conduct involving customer sales. In all three cases, Plaintiff provided justification for his actions; however, Defendant never spoke to the customers (nor investigated his response).

6. Plaintiff believes his age makes him one of the oldest Residential Sales Representatives and, at the time of his separation, among the most senior in the office.

7. Prior to his termination, Plaintiff was working in a sexually hostile work environment for many years, due to poor leadership and the unchecked actions of other employees which were reported to management by Plaintiff and others.

8. Since Plaintiff's employment began and, most recently, around March 2009, on different occasions, Plaintiff contacted Human Resources to report incidents of sexual harassment and threats made to him by employees and past and present management.

9. Plaintiff was informed by a former employee of Defendant that the Human Resource person wished they could find a way to fire Plaintiff.

10. Plaintiff became aware of another Residential Sales Representative paying money to Defendant's employees while being out on disability. This employee began leaving Plaintiff threatening messages and calling him every "F" name in the book. Several upper management level employees were aware of this fact and did nothing to put an end to it.

11. On several occasions, this employee would call Plaintiff and ask him to break the law and violate the ethical conduct code by paying him money to run leads and self-generated lead (hereinafter "SGL") appointments that he was wrongfully obtaining through the advertising network via the internet. This illegal internet use to obtain sales has been going on for several years, with full knowledge by upper management and without disciplinary action.

12. This same employee, while being out on disability, at the same time used his internet website to make money, without disciplinary action.

13. Plaintiff was also shown pornography by two female employees in the Norwood office during the winter of 2008/2009 that this same employee had sent to them on their cells phones. The pictures were despicable and the women were insulted and embarrassed.

14. On at least three occasions, a female Residential Sales Representative flashed her breasts at Plaintiff and another employee. These actions were reported to management, without action.

15. In February, 2009, after Plaintiff complained that he was not getting enough leads, the Area Sales Manager told Plaintiff he was too old to handle more leads.

16. Plaintiff was falsely accused by management in the Spring of 2009 of threatening the employee referenced in Paragraph 10 and was told his actions could cause his termination.

17. Eventually, in the Spring of 2009, Plaintiff put his grievances in writing, at the request of the Human Resource Director.

18. On May 21, 2009, Plaintiff was suspended indefinitely for three alleged ethical violations and not for threatening an employee.

19. Shortly after Plaintiff's suspension, the employee referenced in Paragraph 14 telephoned Plaintiff to say that management told her he was going to be fired and that she and the other employee referenced herein should lay low for awhile, not to say a word to anyone, and that they would be taken care of by helping to get rid of Plaintiff.

20. On or about May 26, 2009, Plaintiff received a letter from another employee of Defendant, a Residential Sales Manager for Defendant, stating that effective May 26, 2009, Plaintiff's employment with Defendant was terminated for the so-called ethical violations.

21. Defendant also failed to pay Plaintiff wages and/or commissions earned by him.

22. Plaintiff submits that during his tenure of almost nine years with Defendant, he maintained high professional standards, performed in a courteous and helpful manner, and followed company policies, as he understood them.

23. Plaintiff was consistently a top sales representative, despite the hostile work environment. Plaintiff believes that he was subjected to a hostile work environment, was wrongfully terminated and/or discriminated against because of his age, gender and/or national origin and that he suffered retaliation from management for seeking to expose wrongful behavior by other employees.

24. After Plaintiff's termination, he received a telephone call from a potential customer to whom he had given a quote, informing Plaintiff that a much younger man was hired to replace Plaintiff.

### COUNT I - VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

25. The Plaintiff realleges the allegations of the preceding Paragraphs 1 through 24 and restates and incorporates them by reference herein.

26. Plaintiff is over 40 years of age who, at all relevant times herein, was within a protected group (age) under ADEA.

27. At all relevant times, Plaintiff was qualified to perform his job as a Residential Sales Representative.

28. Despite his experience and qualifications as the top sales representative, Plaintiff was terminated under pretext and/or in retaliation to his complaints abut co-workers' unethical behavior and/or the sexually hostile work environment.

29. As a result of its actions, Defendant illegally discriminated and/or retaliated against Plaintiff based on his or age by falsely accusing Plaintiff of making threatening remarks to a co-employee and, ultimately, terminating Plaintiff for alleged, yet untrue, ethical violations.

30. As a result of Defendant's action, Plaintiff has suffered emotional distress, has lost wages and benefits and has incurred attorney's fees and costs.

**Wherefore,** Plaintiff seeks damages in an appropriate amount from Defendant, together with appropriate and reasonable attorney's fees and costs.

### *COUNT II - VIOLATION OF TITLE VII*

31. The Plaintiff realleges the allegations of the preceding Paragraphs 1 through 30 and restates and incorporates them by reference herein.

32. Plaintiff is a male who, at all relevant times herein, was within a protected group (gender) under Title VII of the CRA of 1964.

33. At all relevant times, Plaintiff was qualified to perform his job as a Residential Sales Representative.

34. Despite his experience and qualifications as the top sales representative, Plaintiff was terminated under pretext and/or in retaliation to his complaints abut co-workers' unethical behavior and/or the sexually hostile work environment.

35. As a result of its actions, Defendant illegally discriminated and/or retaliated against Plaintiff based on his or gender by falsely accusing Plaintiff of making threatening remarks to a co-employee and, ultimately, terminating Plaintiff for alleged, yet untrue, ethical violations.

36. As a result of Defendant's action, Plaintiff has suffered emotional distress, has lost wages and benefits and has incurred attorney's fees and costs.

**Wherefore,** Plaintiff seeks damages in an appropriate amount from Defendant, together with appropriate and reasonable attorney's fees and costs.

### COUNT III - VIOLATION OF MASSACHUSETTS
### ANTI-DISCRIMINATION LAWS
### (MASSACHUSETTS GENERAL LAWS CHAPTER 151B)(AGE)

37. The Plaintiff realleges the allegations of the preceding Paragraphs 1 through 36 and restates and incorporates them by reference herein.

38 Plaintiff is over the age of 40 who, at all relevant times herein, was within a protected group (age) under Massachusetts General Laws c.151B, §1, et seq.

39. As a result of its actions, Defendant illegally discriminated and/or retaliated against Plaintiff based on his age by falsely accusing Plaintiff of making threatening remarks to a co-employee and, ultimately, terminating Plaintiff for alleged, yet untrue, ethical violations.

40. As a result of Defendant's actions, Plaintiff has suffered emotional distress, has lost wages and benefits, and has incurred attorney's fees and costs.

**Wherefore,** Plaintiff seeks damages in an appropriate amount from Defendant, together with appropriate and reasonable attorney's fees and costs.

### COUNT IV - VIOLATION OF MASSACHUSETTS
### ANTI-DISCRIMINATION LAWS
### (MASSACHUSETTS GENERAL LAWS CHAPTER 151B)
### (GENDER/SEXUAL HARASSMENT)

41. The Plaintiff realleges the allegations of the preceding Paragraphs 1 through 40 and restates and incorporates them by reference herein.

42. Plaintiff is a male who, at all relevant times herein, was within a protected group (gender) under Massachusetts General Laws c.151B, §1, et seq.

43. As a result of its actions, Defendant illegally discriminated and/or retaliated against Plaintiff based on his gender by falsely accusing Plaintiff of making threatening remarks to a co-employee and, ultimately, terminating Plaintiff for alleged, yet untrue, ethical violations.

44. As a result of Defendant's actions, Plaintiff has suffered emotional distress, has lost wages and benefits, and has incurred attorney's fees and costs.

## COUNT III – STATE CLAIM (M.G.L. c.149, §148)

45. The Plaintiff realleges the allegations of the preceding Paragraphs 1 through 44 and restates and incorporates them by reference herein.

46. Defendant has failed to pay Plaintiff wages and/or commissions in violation of M.G.L. c.149, §148.

**Wherefore,** Plaintiff demands judgment against Defendant for damages in an appropriate amount from Defendant, together with attorney's fees and costs, if applicable.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable under law.

The Plaintiff, Mark S. Trent,
By His Attorney,


/s/David O. Scott
DAVID O. SCOTT, ESQUIRE
B.B.O. NO. 449165
LAW OFFICE OF DAVID O. SCOTT, P.C.
200 CHAUNCY STREET, SUITE 105
MANSFIELD, MASSACHUSETTS 02048
TELEPHONE (508) 261-9777
FACSIMILE (508) 261-9776
E-MAIL: DSESQ@AOL.COM
DATED: OCTOBER 27, 2011